# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| LEONARD CALDWELL III, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   CV419-197 |
| SHERIFF JOHN T. WILCHER, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

## ORDER AND REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, plaintiff Leonard Caldwell III has filed a 42 U.S.C. § 1983 complaint for injuries he suffered when he fell off a chair during a consultation with his Court appointed attorney. Doc. 1 at 5-6. The Court now screens his Complaint under 28 U.S.C. § 1915A, which requires the immediate dismissal of any prisoner complaint that fails to state at least one actionable claim against a governmental entity or official.

## BACKGROUND

Plaintiff alleges that while in the Chatham County Courthouse, he was seated on a stool speaking with his public defender. Doc. 1 at 5. He claims that when he stood to leave the booth, his ankle chains tangled with the stool causing him to fall backwards. *Id.* He was unable to stop his fall because he was

cuffed and struck the side of his head and his face. *Id.* He was taken to the hospital where he received treatment. *Id.* He now suffers from ringing and buzzing in his ear. *Id.*

## ANALYSIS

Although the Court is sympathetic to the injury plaintiff suffered, his case here is dead on arrival because he has not identified a defendant who is subject to suit. Sheriff Wilcher cannot be sued because § 1983 claims require an allegation of a causal connection between a defendant's acts or omissions and the alleged constitutional deprivation. *See Zalter v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986). Such claims cannot be based upon theories of *respondeat superior* or vicarious liability. *See Polk Cty.*, 454 U.S. at 325; *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). Caldwell's statements do not include any allegations connecting Sheriff Wilcher to his injuries beyond merely listing his name on the case caption. That is not enough to state a claim. *See, e.g., Ashcrift v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim upon which relief can be granted.) The Chatham County Sheriff's Office is not an entity subject to suit. *Logue v. Chatham Cty, Det. Ctr.,* 2008 WL 895717, at *2 (S.D. Ga. Apr. 2, 2008); *see Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)

(noting that sheriff's departments are not usually subject to suit or liability under § 1983, but deferring to state law as determinative of capacity to sue and be sued); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (city police department is not an entity subject to suit under § 1983 because it "is merely the vehicle through which the [c]ity government fulfills its policing instructions."). Because plaintiff does not identify a defendant subject to suit his case should be **DISMISSED**.

## CONCLUSION

Accordingly, plaintiff's complaint should be **DISMISSED**.[1] Moreover, it is time to pay his filing fee. Since his PLRA paperwork reflects an average monthly deposit of $183 and average monthly balance of $122.87, doc. 8 at 1, he owes a $36.60 partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist"). See 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds

---

[1] Generally, a *pro se* plaintiff is granted at least one opportunity to amend. *Jenkins v. Walker*, 620 F. App'x 709, 711, (11th Cir. 2015) (*citing Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (*en banc*)) ("When a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action."); *see also* Fed. R. Civ. P. 15(a)(2)(courts should grant leave to amend "freely . . . when justice so requires"). However, the Court is under no such obligation "if the amended complaint would still be subject to dismissal." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). The Court is skeptical of plaintiff's ability to amend his complaint against the identified defendants. Nevertheless, plaintiff may file an amended complaint within the time for objections if he so desires.

exist," under a specific 20 percent formula).  Plaintiff's custodian (or designee) shall remit the $36.60 filing fee and set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.  In the event that plaintiff is transferred to another facility, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to his new custodian.  The balance due from plaintiff shall be collected by the custodian at all future facilities in accordance with the terms of this Order. A copy of this Order and of the Consent to Collection of Fees form Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. §636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned

"Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. §636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 26th day of August, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA